**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **DAVID CREWS**<br>**CLERK** | 911 JACKSON AVENUE, ROOM 369<br>OXFORD, MISSISSIPPI 38655 | TELEPHONE (662) 234-1971<br>FAX (662) 236-5210 |

August 19, 2021

In re: *Jo Nell Walker v. Dollar General Corporation*
N.D. Miss. Cause No. 1:16-CV-52-SA-DAS

To All Counsel of Record:

    I have been contacted by Judge Aycock who presided over the above-referenced case. Judge Aycock informed me that it has been brought to her attention that while she presided over the case, her husband owned stock in Dollar General. Her husband's ownership of stock neither affected nor impacted her decisions in this case. Nevertheless, her husband's stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Aycock directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> A judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "similar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

    With Advisory Opinion 71 in mind, you are invited to respond to Judge Aycock's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 9, 2021. Any response will be considered by another Judge of this Court without the participation of Judge Aycock.

Sincerely,

*David Crews*

David Crews
Clerk of Court